Commonwealth of Pennsylvania ex rel. W. U. Hensel, Attorney General, *v.* Order of Solon. Appeal of Samuel J. M. McCarrell.

*Escheat—Corporations—Beneficial society—Judgment of ouster.*

The funds of a beneficial society against which a judgment of ouster has been entered do not escheat to the commonwealth.

Argued May 30, 1899. Appeal, No. 22, May T., 1899, by Samuel J. M. McCarrell, from order of C. P. Dauphin Co., June T., 1894, No. 310, dismissing exceptions to auditors' report. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditors' report.

The facts appear by the auditors' report which was in part as follows:

As to the question whether or not the fund for distribution

has escheated to the commonwealth, the escheator, S. J. M. McCarrell, Esq., as well as his counsel, James Fitzsimmons, Esq., of Pittsburg, were present with your auditors at several hearings, and advanced no arguments whatever in support of the claim of the commonwealth for this fund, except the allegations of their petition; they cited no authorities whatever in support of their position, and this, too, in face of the fact that beneficial societies or orders similar to this have been ousted and dissolved, and their funds distributed by the courts to and among certificate holders and their assignees. The Order of Tonti was a similar order to this, and it was dissolved by the court, and its funds distributed to its members. The question as to whether or not the fund for distribution in the assigned estate of the Order of Tonti had escheated to the commonwealth was not raised before the auditors in that case, and it is highly probable that, if a valid claim could have been made upon its funds by the commonwealth, an informer would have been at hand to have helped share in the distribution.

We do not understand how the commonwealth, with a good grace, can ask this money from these members, or their assignees, who are not at fault. This order was chartered under the laws of the commonwealth, and, if its officers exceed their authority, the penalty for this has been the withdrawal of its franchises. We do not see how the commonwealth could claim more. The members of the order, in good faith, paid in their assessments, and believe they were acting according to law and not against the public good, and when the objects of the order have failed through no fault of theirs, it is difficult to find any reason for the commonwealth to demand the money the certificate holders honestly paid to the association. The members have forfeited no right to their proportion of the funds paid in by them, neither have their assignees forfeited any rights of assignors to the fund.

We know of no ground, either in law or fact, that entitled the commonwealth to any portion of this fund, and we, therefore, refuse the claim of the escheator, and overrule the exception filed by the escheator, to the original report of the auditors.

*Error assigned* was in dismissing exceptions to auditors' report.

*James Fitzsimmons,* with him *A. H. Rowand, Jr.,* for appellant.—The funds and estate of the Order of Solon have escheated to the commonwealth by reason of the fact that it usurped powers and franchises not conferred by its charter, it having clearly violated the contract it made with the state under which it received its charter of incorporation: Crombie v. Order of Solon, 157 Pa. 588.

The title of the corporation to property owned by it ceases when the corporation itself ceases to exist, and it was therefore held at common law that upon the dissolution of a corporation its real estate would revert to the original owners, and the personal estate would escheat to the king: 2 Bacon on Benefit Societies, sec. 480; Com. v. Naile, 88 Pa. 429; Mayor of Colchester v. Seaber, 3 Burr. 1866; Rex v. Pasmore, 3 T. R. 199; White v. Campbell, 5 Hump. 38; Nevitt v. Bank of Port Gibson, 6 S. & M. 533; Angell & Ames on Corporations, secs. 195, 779; 2 Morawetz on Corporations, sec. 1032.

Under the attempted assignment of the certificates of the members in violation of its contract with the order at the time of the issuing of said certificates, and the designation of the beneficiary at the time of the issuing of said certificates, no interest whatsoever would pass to the assignee: 2 Bacon on Benefit Societies, sec. 399; Leazure v. Hillegas, 7 S. & R. 313; Unity M. L. Assn. v. Dugan, 118 Mass. 219; Com. v. Detwiller, 131 Pa. 619.

The commonwealth must find a right by having on inquisition an office found and proceed to collect the property wherever found: Crawford v. Com., 1 Watts, 480; Ramsey's App., 2 Watts, 228; Com. v. Crompton, 137 Pa. 138; Grubb's App., 58 Pa. 55; In re Desilver, 5 R. 111; Wallace v. Harmstad, 44 Pa. 492.

*Young & Trent,* for receiver, made no oral reply, but argued in their printed brief: The punishment to be meted out to the corporation that either wilfully or negligently exercises franchises not conferred upon it by law, is not only to restrain it from the exercise of illegal franchises, but to prevent it from being tempted in the future, and at the same time protect the public, by ousting it from all its franchises, and dissolving it: Com. v. N. Y., etc., R. R. Co., 132 Pa. 605.

By the judgment of ouster the rights of the members and certificate holders were fixed: Fraternal Guardians' Assigned Est., 159 Pa. 602.

PER CURIAM, July 19, 1899:

Our examination of this record has satisfied us that the learned president of the common pleas was clearly right in dismissing the four exceptions that are recited in appellant's specifications of error. There is no merit in either of said specifications, and they are therefore dismissed and the decree is affirmed at appellant's costs.